[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15513
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 25, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00347-CV-CC-1

CAROLYN DOCKERY,

Plaintiff-Appellant,

versus

JACK DOYLE,
DEBRA MILLER,
J.H. HARRIS,
OFFICER PATTERSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May25, 2007)**

Before TJOFLAT, HULL and COX, Circuit Judges.

PER CURIAM:

On this appeal, the Plaintiff Carolyn Dockery ("Dockery") challenges the district court's denial of her motion for summary judgment and its grant of summary judgment to Defendant Pamela Patterson on Dockery's 42 U.S.C. § 1983 claims. The court found that Patterson's warrantless search of Dockery's apartment did not violate Dockery's Fourth Amendment constitutional rights. The court also concluded that Patterson is entitled to qualified immunity as to Dockery's claims.[1]

## I. BACKGROUND[2]

On September 30, 2003, Detective Patterson met two officers and another detective from the DeKalb County Police Department at Towering Pines Apartments. (R.1-37 at 3.) Their purpose was to question Courtney Dockery about an armed robbery and aggravated assault. (*Id.*) Courtney lived with his mother, Carolyn, and brother, Marques, in one of these apartments.

The officers considered Towering Pines to be a high crime area. (R.1-36, "Affidavit of Pamela Patterson" at 3.) Upon arriving at the apartment, Patterson noticed that the front door was "cracked open." (*Id.* at 4.) Another officer saw that the doorframe had small marks, which he believed indicated forced entry. (R.1-36,

---

[1] Dockery's notice of appeal names all the Defendants (R.1-64), but on appeal she seeks reversal only as to Patterson.

[2] We draw the "facts and reasonable inferences in the light most favorable to the nonmoving party." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1283 (11th Cir. 2003).

2

"Affidavit of Scott R. Malette" at 3.) The officers knocked and announced "DeKalb Police." (R.1-36, "Affidavit of Pamela Patterson" at 4.) No one responded. (*Id*.)

While knocking, one officer heard noises from inside. (R.1-36, "Affidavit of Scott R. Malette" at 3.) The officer said the noises sounded like footsteps. (*Id*.) The officers concluded that a forcible felony was occurring. (R.1-36, "Affidavit of Pamela Patterson" at 5.) The officers opened the door, while continuing to knock and announce "police." (*Id*.)

The officers walked down a hallway and encountered Marques in a back room. (*Id*. at 7.) Patterson asked that Marques show photo identification, which he did. (*Id*.) Marques explained that his mother was at work; that she could not be reached by telephone; and that Courtney was not home. (*Id*.) The officers then left. (*Id*. at 8.)

Dockery called Patterson that evening. (*Id*.) Patterson explained that they had entered believing a forced-entry felony was in progress. (*Id*.) Patterson visited the next day, and Dockery gave written consent for a search of the apartment. (*Id*.) Patterson subsequently obtained a warrant for the arrest of Courtney. (*Id*. at 9.) He was eventually arrested, convicted of aggravated assault and armed robbery, and sentenced to ten years in prison. (*Id*.)

## II.  ISSUES ON APPEAL AND CONTENTION OF THE PARTIES

Dockery asserts that: (1) the court misapplied the summary judgment standards in rendering its decision in favor of Patterson; (2) the court erroneously found that Patterson met her burden of showing probable cause and exigent circumstances; and (3) the court erred in granting Patterson qualified immunity.

Patterson contends that the search did not violate Dockery's constitutional rights.  Moreover, Patterson contends that even if Dockery could prove a constitutional violation, she is entitled to qualified immunity.

## III.  DISCUSSION

### A.  Summary Judgment

Dockery contends that the court misapplied the summary judgment standards, failing to view the evidence and all factual inferences in the light most favorable to her, the non-moving party.  We find no reversible error, however, in the court's application of summary judgment standards or in its view of the facts.

### B.  The Fourth Amendment

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that she was deprived of a right secured under the U.S. Constitution or federal law and that such a deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).  We conclude that the question of whether the Fourth

4

Amendment was violated is a difficult one, and we therefore assume *arguendo* that Patterson violated Dockery's Fourth Amendment rights, and turn to the qualified immunity issue, which we find easier to resolve.

C.     Qualified Immunity

"Qualified immunity shields a § 1983 defendant from liability for harms arising from discretionary acts, as long as the discretionary acts do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Jackson v. Sauls*, 206 F.3d 1156, 1164 (11th Cir. 2000). Dockery contends that clearly established law gave Patterson notice that this search did not fall into the exigent circumstances exception to the Fourth Amendment.  She cites *United States v. Holloway*, 290 F.3d 1331 (11th Cir. 2002) and *United States v. Burgos*, 720 F.2d 1520 (11th Cir. 1983) as the clearly established law that provided this notice.

In *Holloway*, F.3d at 1338, this court held that, based on the exigent circumstances of a 911 call reporting arguing and gunshots, "police officers in this case did not violate the Fourth Amendment when they conducted a warrantless search of Appellant's home."  In *Burgos*, F.2d at 1526, we held that although agents conducted a warrantless search of defendant's home, the "threat of injury to the neighborhood and arresting officers justified the avoidance of delay involved in

5

obtaining a warrant." Nothing in these decisions establishes that Patterson's conduct violated the Fourth Amendment.

We have recognized an "emergency" exception to the Fourth Amendment's warrant requirement. Where officers reasonably believe that a person is in danger, and immediate response is required, the "emergency" exception applies. *Holloway*, 290 F.3d at 1331. However, the Defendant must show both probable cause[3] and exigency. *Id*. at 1337. Based on the facts presented and the totality of the circumstances, we conclude that Patterson demonstrated arguable probable cause and exigency. The totality of the circumstances included "a visibly unsecured door . . . the rampant burglaries and crimes in Towering Pines Apartment complex . . . and [Patterson's] knowledge, through a fellow officer, that noises were heard in the apartment." (R.1-36, "Affidavit of Pamela Patterson" at 5-6.) Additionally, another officer testified that "there were small tool marks on the doorframe, which appeared to be indicative of the use of some small, sharp tool." (R.1-36, "Affidavit of Scott R. Malette" at 3.) The "facts and circumstances within the collective knowledge of the law enforcement officials . . . are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed." *United States v. Blasco*,

---

[3] "Arguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry." *Jones v. Cannon*, 174 F.3d 1271, 1283 n.3 (11th Cir. 1999).

6

702 F.2d 1315, 1324 (11th Cir. 1983). Therefore, we find no error in the district court's conclusion that Patterson is entitled to qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Dockery's motion for summary judgment and the grant of summary judgment to Patterson.

AFFIRMED.